FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 29, 2019

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIJAH RIEVE, | No. 2:19-cv-00163-SAB |
| Petitioner, | |
| v. | **ORDER SUMMARILY** |
| STATE OF WASHINGTON | **DISMISSING HABEAS PETITION** |
| (JEFFERY A. UTTECHT, | |
| Superintendent of CRCC), | |
| Respondent. | |

Before the Court is Petitioner's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1. Petitioner is an inmate at the Coyote Ridge Corrections Center pursuant to a Douglas County Superior Court judgment and sentence. The $5.00 filing fee has been paid. For the following reasons, the Court dismisses the petition for federal habeas relief.

### PROPER RESPONDENT

An initial defect with the Petition is that it fails to name a proper party as a respondent. The proper respondent in a federal petition seeking habeas relief is the person having custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994), *as amended* (May 18, 1994). Petitioner filed a motion to substitute the proper respondent, Jeffery A. Uttecht, Superintendent of the Coyote Ridge Corrections

**ORDER DENYING PETITION FOR FEDERAL HABEAS RELIEF ~ 1**

Center. ECF No. 3. That motion is granted.

## EXHAUSTION REQUIREMENT

Petitioner challenges his 2019 Douglas County guilty plea to first-degree child molestation, second-degree child molestation, communication with a minor for immoral purposes, and indecent exposure. He received sentences of 29 months, 60 months, and 120 months. Petitioner indicates that he did not appeal from the judgment of conviction. ECF No. 1.

In his grounds for relief, Petition argues that the State of Washington has no jurisdiction to decide federal constitutional matters. ECF No. 1 at 5–12. It has long been settled that state courts are competent to decide questions arising under the United States Constitution. *See Baker v. Grice*, 169 U.S. 284, 291 (1898) ("It is the duty of the state court, as much as it is that of the federal courts, when the question of the validity of a state statute is necessarily involved, as being in alleged violation of any provision of the federal constitution, to decide that question, and to hold the law void if it violate that instrument."); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (holding that state courts are as competent as federal courts to decide federal constitutional matters). Therefore, Petitioner's arguments in his petition lack merit.

At the outset, a prisoner must adequately apprise the appropriate state courts of the factual and legal bases of their claims in a procedurally appropriate manner. 28 U.S.C. § 2254. The prisoner must exhaust the state court remedies available to him before a federal court may grant habeas relief to him. 28 § U.S.C. 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 27 (2004). Before he presents those claims to a federal court, exhaustion generally requires that a prisoner gives the state courts an opportunity to act on his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure. *See id.*; 28 U.S.C. § 2254(c).

**ORDER DENYING PETITION FOR FEDERAL HABEAS RELIEF ~ 2**

To meet the exhaustion requirement, the petitioner must present the state courts with a thorough description of the facts and specific legal bases for each federal claim—the "fair presentation" standard. *Baldwin*, 541 U.S. at 27; *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). Specifically, the petitioner must alert the state court that he is "asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 368 (1995). Mere similarity between a claim raised in state court and a claim raised in a federal habeas petition is insufficient. *Duncan*, 513 U.S. at 366.

To fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues." *O'Sullivan*, 526 U.S. at 845. In doing so, the petitioner must present claims to the state court in a manner that will permit their consideration in the normal course of things. *Castille v. Peoples*, 489 U.S. 346 (1989). Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See Picard*, 404 U.S. at 275.

As shown in the Petition, Petitioner has not exhausted his state court remedies as to each of his grounds for relief. Petitioner affirmatively represents that he did not exhaust his state court remedies. First, Petitioner checked "No," when answering any question as to taking action in state court, such as: "Did you appeal from the judgment of conviction?" and "Other than the direct appeals listed above [(none are listed)], have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?" ECF No. 1 at 2–3. Second, regarding all four grounds for relief that Petitioner listed, Petitioner wrote, "The State of Washington doesn't have jurisdictional authority to decide on the United States Constitution in matters, which are outside its Jurisdictional or Statutory governing limits"—answering, "If you did <u>not</u> raise this issue in your direct appeal, explain why." ECF No. 1 at 5–12.

The Petition and Petitioner's statements establish that he did not exhaust

state remedies and his claim is not properly before this Court.

## GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner asserts that the Washington state constitution contradicts the federal constitution regarding the Fifth Amendment right to "presentment or indictment of a Grand Jury." ECF No. 1 at 5; *see* U.S. Const. amend. V. He claims "no bill of indictment" was brought against him rendering his arrest, conviction, and imprisonment illegal. ECF No. 1 at 5.

Petitioner argues that because the state courts are "acting in willful defiance of the federally established procedures or processes for the adjudication of crimes," only "a court of federal jurisdiction" has jurisdictional authority over his claims. *Id.* His bald assertion that "due process of the law was ignored" is unsupported by his factual allegations.

The United States Supreme Court has stated, "Prosecution by information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution." *Gaines v. Washington*, 277 U.S. 81, 86 (1928) (citing *Hurtado v. California*, 110 U.S. 516 (1884)). Consequently, Petitioner's assertions presented in his four grounds for federal habeas relief are legally frivolous.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion to Substitute Respondent, ECF No. 3, is **GRANTED**.

2. Because it plainly appears from the petition and accompanying documents that Petitioner is not entitled to relief in this Court, **IT IS ORDERED** the petition, ECF No. 1, is **DISMISSED** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. All pending motions are **DENIED as moot**.

//

//

//

**ORDER DENYING PETITION FOR FEDERAL HABEAS RELIEF ~ 4**

1     **IT IS SO ORDERED**. The Clerk of the Court is directed to enter this

2 Order, enter judgment, provide copies to Petitioner, and close the file. The Court

3 certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could

4 not be taken in good faith, and there is no basis upon which to issue a certificate of

5 appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of

6 appealability is therefore **DENIED**.

7     **DATED** this 29th day of August 2019.



Stanley A. Bastian
United States District Judge